### No. 616
### WISKEMAN v. FIDELITY & DEPOSIT CO. et
Ohio Appeals, 9th Dist., Summit Co.
No. 992. Decided March 24, 1925

112. ATTACHMENT AND GARNISHMENT—1. Where sheriff executes writ and seizes personal property described in said attachment, against protest of ownership of a garnishee, the officer is acting at his own peril

by taking possession, said action not being construed as acts within scope of duty or authority.

2. Where bond is given by plaintiff in attachment suit, and bond falls short of amount in compliance with statute; sheriff making seizure is liable for damage if it exceeds the actual amount of the bond.

WASHBURN, J.

The cause was submitted in the Summit Common Pleas upon an agreed statement of facts. It seems that the Auto Truck Equipment Co. obtained a judgment against John G. and W. L. Wiskeman, and brought suit in Summit County on said judgment. In the suit, an affidavit for an attachment was filed claiming that the debtors had assigned their property with intent to defraud creditors, the Truck Co. being a creditor, whose claim was for work and labor; that said debtors attempted to transfer an auto truck to their father, W. F. Wiskeman, and that said transfer was without consideration and was illegal and of no effect.

There was issued to Pat Hutchinson, Sheriff of Summit County, an attachment with notice to garnishee, which commanded the sheriff to "Attach and safely keep lands, tenements, goods, chattels, etc." "money and effects of said defendants in your county not exempt from law from being applied to the payment." The sheriff executed the writ, and took the truck from possession of W. F. Wiskeman against his protest.

Afterward, Wiskeman obtained a judgment of the court establishing his ownership in said truck, and secured an order discharging said attachment, and that judgment, was affirmed by the Court of Appeals. Thereafter, suit was brought by Wiskeman against the sheriff, and the Fidelity & Deposit Co., the surety on the general bond of the sheriff, in the Summit Common Pleas, to recover damages for wrongful seizure and detention of said truck. In that court, the jury was instructed to return a verdict in favor of the sheriff and surety.

Error was prosecuted and Wiskeman claimed that the writ issued to the sheriff is no justification to him for his taking the truck against protest of ownership; that in so doing, the sheriff was a trespasser and that therefore his bondsmen are liable for damages caused by such trespass.

In a second cause of action it was claimed that when the sheriff retook the truck in the former case, when Wiskeman had been declared the owner, he held same subject to court orders; and it was sought to recover from the sheriff for the value of the use of the truck from date of such retaking until it

was returned. The Fidelity Co. contended that everything done by the sheriff was his statutory duty and could not be held liable for having performed his duty. The Court of Appeals held:

1. In an attachment proceeding, so far as the "actual taking possession" of personal property is concerned, the statute contemplates only the seizure of property belonging to the defendant; bond required in attachment is for protection of defendant in the action and no one else.

2. Where property is in the possession of a third party named as garnishee, and he denies that it belongs to the defendant but claims to own the same, and protests against sheriff taking same, the sheriff if he takes possession of said property does so at his own peril.

3. The writ of attachment confers no authority upon the sheriff to take goods and chattels described in affidavit from any other person than defendant named therein, against said person's protest and claim of ownership, and if he does, he acts in excess of his duty and is a trespasser.

4. A bond was given, in the former cause in which the ownership of the truck was found to be in W. F. Wiskeman, by the Truck Co. and bondsmen agreed generally to pay W. F. Wiskeman all damages sustained by him in consequence of the prosecution of such petition in error.

5. Bond should have been for $5000 but was only for $600. If the Truck Co. had complied fully and furnished an adequate bond, W. F. Wiskeman would have had to look to such bond for indemnity for loss occurring after approval of said bond. The $600 bond was liable to the extent of its amount.

6. Wiskeman's right to recover from sheriff on the second cause of action is limited to his loss and damage during the period covered by the bond, in excess of said bond, if damage during said period exceeded the amount of said bond.

Judgment reversed, and cause remanded.

Attorneys—Robert C. Ryder for Wiskeman; Naef & McIntosh and W. A. Spencer for Fidelity Co. and Hutchinson; all of Akron.